



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Bonnie S. Greenberg*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4890*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*
*TTY/TDD: 410-962-4462*
*Bonnie.Greenberg@usdoj.gov*

January 16, 2014

Douglas Miller, Esquire
Assistant Federal Public Defender
100 South Charles Street, 9th Floor
Baltimore, Maryland 21201

    Re:    United States v. Damon Walston
            <u>Case No. CCB 13-0392</u>

Dear Mr. Miller:

       This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by January 31, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

       1.    The Defendant agrees to plead guilty to possessing a firearm after having been convicted of a crime punishable by a term of imprisonment of more than one year, in violation of 18 U.S.C. § 922(g). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

       2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

            a.    That on or about May 9, 2013, in the District of Maryland, the Defendant knowingly possessed a firearm, as that term is defined in 18 U.S.C. § 921(a)(3);

          b.        That the defendant had a prior conviction for a crime punishable by a term of imprisonment exceeding one year; and

          c.        That the firearm affected interstate commerce because it was manufactured outside of the State of Maryland.

## Penalties

3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: 10 years imprisonment, followed by a term of supervised release of up to three years, and a fine of $250,000. In the event the Defendant is determined to have three previous convictions by any court referred to in 18 U.S.C. § 922(g)(1) for a violent felony or serious drug offense, or both, committed on occasions different from one another, the Defendant shall be fined under Title 18 and sentenced to a maximum term of life imprisonment and a mandatory minimum term of 15 years imprisonment, a five-year term of supervised release, and a fine of $250,000 and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, the Defendant with respect to the conviction under section 922(g). In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

4.     The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.     If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements

the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status.  Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.  The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. Sections 3551-3742 (excepting 18 U.S.C. Sections 3553(b)(1) and 3742(e)) and 28 U.S.C. Sections 991 through 998.  The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.  This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

This Office and the Defendant understand, agree and stipulate to the following Statement of Facts, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors.

## Statement of Facts

On May 9, 2013, Baltimore City police officers were on patrol in unmarked vehicles on Winchester Street in Baltimore, Maryland.  At approximately 6:30 pm, the officers observed Mr. Damon Walston, the defendant, running toward an alley.  Mr. Walston's left hand was moving

4

freely while his right hand was in his right jacket pocket, as if he was holding something. Officers followed him, and he attempted to run away from the officers. While he was running, officers observed Mr. Walston throw a green handgun over a privacy fence to a residence on Riggs Avenue in Baltimore, Maryland. In the yard, officers recovered a Green High Point model JCP .40 caliber semi-automatic handgun with the serial number partially obliterated, and ammunition. The officers arrested the defendant, who was wearing body armor.

The defendant knowingly possessed the above-referenced firearm subsequent to his receiving convictions for crimes punishable by more than one year of imprisonment. His civil rights have not been restored. The firearm and ammunition recovered were manufactured outside the state of Maryland and therefore travelled in and affected interstate commerce. The firearm was designed to be capable of expelling a projectile by means of an explosive, and thus meets the definition of a firearm in 18 U.S.C. § 921.

### Guideline Stipulations

a. The parties agree that the **base offense level is 24** pursuant to U.S.S.G. § 2K2.1(a)(4) and (b)(4). This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. Section 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The final base offense level is therefore 21.**

b. The parties agree that the Defendant's criminal history category is ~~IV~~ III (three). [handwritten: BSG, DRM, DW]

c. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range ~~and application of the 18 U.S.C. Section 3553(a) factors~~, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines ~~or in 18 U.S.C. Section 3553(a)~~ will be raised or are in dispute. [handwritten: DRM, DW, BSG]

### Rule 11(c)(1)(C) Plea

7. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 37-46 months in the custody of the Bureau of Prisons is the

appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

**Obligations of the United States Attorney's Office**

8. At the time of sentencing, this Office will recommend a sentence of [no greater than ~DRM~ BSG] 46 months' incarceration in the custody of the Bureau of Prisons.

9. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

**Forfeiture**

10. The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm. He forfeits all right, title, and interest in the following:

> Green High Point model JCP .40 caliber semi-automatic handgun with the serial number partially obliterated, ammunition and body armor seized on May 9, 2012. [2013 CCB/WP initials]

**Waiver of Appeal**

11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

> a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. Section 1291 or otherwise, to appeal the Defendant's conviction;
>
> b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. Section 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds 46 months imprisonment; (ii) and this Office reserves the right to

6

appeal any term of imprisonment to the extent that it is below 37 months imprisonment.

c.  Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

12. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. Section 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

13. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

7

## Entire Agreement

14. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. Attached hereto as Exhibit B is a letter regarding an agreement between the States Attorney's office for Baltimore City and the Defendant. The U.S. Attorney's office is not a party to that agreement. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,
Rod J. Rosenstein
United States Attorney

By: _____
Bonnie S. Greenberg
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

1-23-14
Date

_____
Damon Walston

I am Mr. Walston's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

1-23-14
Date

_____
Douglas Miller, Esquire

8

STATE'S ATTORNEY  
Gregg L. Bernstein



OFFICE of the STATE'S ATTORNEY for BALTIMORE CITY  
120 East Baltimore Street  Baltimore, Maryland 21202

DIRECT DIAL  
443-984-6000

443-984-6219

December 20, 2013

Assistant United States Attorney Bonnie Greenberg  
36 South Charles St., Fourth Floor  
Baltimore, MD 21201

Assistant Federal Public Defender Douglas Miller  
100 South Charles St., Tower II, Suite 900 Baltimore MD 21201

Re: State v. Damon Walston, No. 510354008 (Cir. Ct. Balt. City) & United States v. Damon Walston, CCB-13-0392 (D.Md.)

Dear Ms. Greenberg and Mr. Miller:

The State's Attorney for Baltimore City ("this Office") agrees that in consideration of Damon Walston entering a plea of guilty in United States v. Damon Walston, CCB-13-0392 (D.Md.) with an agreed sentencing range of 37-46 months under Fed. R. Crim. P. 11(c)(1)(c), this office will recommend that Mr. Walston be sentenced to concurrent time, to be served in the federal facility, on Mr. Walston's violation of probation in State v. Damon Walston, No. 510354008 (Cir. Ct. Balt. City).

Very truly yours,

Gregg L. Bernstein  
State's Attorney for Baltimore City

By/s/  
Mark Floersheimer  
Assistant State's Attorney